UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALEB ANDERSON, on behalf of himself and others similarly situated in the proposed FLSA Collective Action,<br><br>        Plaintiff,<br><br>- against -<br><br>BROOKLYN WILD CATCH LLC, BROOKLYN WILD CATCH II LLC, ROBERT DORSEY, and ANGELINE CORNELIUS,<br><br>        Defendants. | Case No.: 1:22-cv-00527 EK MMH<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants BROOKLYN WILD CATCH LLC, BROOKLYN WILD CATCH II LLC, ROBERT DORSEY and ANGELINE CORNELIUS (hereinafter collectively referred to as "Defendants"), by way of Answer to the Complaint, state as follows:

## "AS TO PRELIMINARY STATEMENT"

1. Defendants admit that Plaintiff has brought this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") but deny that they are liable to Plaintiff or any other individuals.

2. Defendants admit that Plaintiff and the working class seek injunctive and declaratory relief against them and to recover alleged unpaid minimum wages, overtime, liquidated and statutory damages, pre- and post- judgment interest, and attorneys' fees and costs, but deny that they are liable to Plaintiff or any other individuals.

## "AS TO JURISDICTION AND VENUE"

3. Paragraph 3 of the Complaint asserts legal conclusions to which no answer is required.

4. Paragraph 4 of the Complaint asserts legal conclusions to which no answer is required.

5. Paragraph 5 of the Complaint asserts legal conclusions to which no answer is required.

## "AS TO PARTIES"

### Plaintiff Caleb Anderson

6.     Defendants deny knowledge and/or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 6 of the Complaint.

7.     Defendants deny the allegations asserted in Paragraph 7 of the Complaint.

**8.**     Defendants deny the allegations asserted in Paragraph 8 of the complaint.

**9.**     Defendants deny that Plaintiff was an employee within the meaning of Section 3(e) of the FLSA .

**10.**     Defendants deny that Plaintiff was a manual worker at all relevant times.

### Defendant Brooklyn Wild Catch LLC

11.     Defendants admit that Brooklyn Wild Catch LLC is a domestic corporation organized and existing under the laws of the State of New York, and maintains a principal place of business at 2920 Beverly Road, Brooklyn, NY 11226.

12.     Defendants deny the allegations asserted in Paragraph 12 of the Complaint and leave Plaintiff to his proofs.

13.     Paragraph 13 of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations asserted in Paragraph 15 of the Complaint and leave Plaintiff to his proofs.

16. Defendants deny the allegations asserted in Paragraph 16.

### Defendant Brooklyn Wild Catch II, LLC

17. Defendants admit the allegations in Paragraph 17.

18. Paragraph 18 of the Complaint deny the allegations asserted in Paragraph 18 and leave Plaintiff to his proofs.

19. Paragraph 19 asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 19 of the Complaint.

20. Paragraph 20 asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 20 of the Complaint.

21. Defendants deny the allegations asserted in Paragraph 21 of the Complaint and leave Plaintiff to his proofs.

22. Defendants deny the allegations asserted in Paragraph 21 of the Complaint and leave Plaintiff to his proofs.

### Defendant Robert Dorsey

23. Defendants admit that Robert Dorsey was an individual engaged in business within the judicial district within the relevant time period.

24. Paragraph 24 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 20 of the Complaint.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants deny the allegations asserted in Paragraph 26 of the Complaint and leave Plaintiff to his proofs.

27. Paragraph 27 asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 27 of the Complaint.

### Defendant Angeline Cornelius

28. Defendants admit that Angeline Cornelius is an individual engaged in business within the judicial district within the relevant time period.

29. Paragraph 29 asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 29 of the Complaint

30. Defendants admit the allegations asserted in Paragraph 30 of the Complaint.

31. Defendants deny the allegations asserted in Paragraph 31 of the Complaint and leave Plaintiff to his proofs.

32. Paragraph 32 asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 32 of the Complaint.

### Defendants Constitute Joint Employers

33. Defendants admit that they control the restaurants located at 2920 Beverley Road, Brooklyn, NY 11226 (i.e., Brooklyn Wild Catch Brooklyn), and 217-84 Hempstead Avenue, Jamaica, NY 11429 (i.e., Brooklyn Wild Catch Queens).

34. Defendants admit the allegations in Paragraph 34.

35. Defendants admit the allegations in Paragraph 35.

36. Defendants deny the allegations asserted in Paragraph 36 of the Complaint and leave Plaintiff to his proofs.

37. Paragraph 37 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny each and every allegation of Paragraph 39 and all its sub paragraphs.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

## FACTUAL ALLEGATIONS

42. Defendants deny the allegations asserted in Paragraph 42 of the Complaint and leave Plaintiff to his proofs.

43. Defendants deny the allegations asserted in Paragraph 43 of the Complaint and leave Plaintiff to his proofs.

44. Defendants deny that Plaintiff was an employee of Defendants.

45. Defendants deny the allegations asserted in Paragraph 45 of the Complaint and leave Plaintiff to his proofs.

46. Defendants deny the allegations asserted in Paragraph 46 of the Complaint and leave Plaintiff to his proofs.

47. Defendants deny the allegations asserted in Paragraph 47 of the Complaint and leave Plaintiff to his proofs.

48. Defendants deny the allegations asserted in Paragraph 48 of the Complaint and leave Plaintiff to his proofs.

49. Defendants deny the allegations asserted in Paragraph 49 of the Complaint and leave Plaintiff to his proofs.

50. Defendants deny the allegations asserted in Paragraph 50 of the Complaint and leave Plaintiff to his proofs.

51. Defendants deny the allegations asserted in Paragraph 51 of the Complaint and leave Plaintiff to his proofs.

52. Defendants deny the allegations asserted in Paragraph 52 of the Complaint and leave Plaintiff to his proofs.

53. Defendants deny the allegations asserted in Paragraph 53 of the Complaint and leave Plaintiff to his proofs.

54. Defendants deny the allegations asserted in Paragraph 54 of the Complaint and leave Plaintiff to his proofs.

55. Defendants deny the allegations asserted in Paragraph 55 of the Complaint and leave Plaintiff to his proofs.

56. Defendants deny the allegations asserted in Paragraph 56 of the Complaint and leave Plaintiff to his proofs.

57. Defendants deny the allegations asserted in Paragraph 57 of the Complaint and leave Plaintiff to his proofs.

58. Defendants deny the allegations asserted in Paragraph 58 of the Complaint and leave Plaintiff to his proofs.

59. Defendants deny the allegations asserted in Paragraph 59 of the Complaint and leave Plaintiff to his proofs.

**FLSA Collective Action Allegations**

60. Defendants admit that Plaintiff brings collective actions, but deny that they are liable to Plaintiff or any other individuals

61. Defendants deny the allegations asserted in Paragraph 61 of the Complaint and leave Plaintiff to his proofs.

62. Paragraph 62 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 63 of the Complaint.

## AS TO FIRST CLAIM

### (FLSA- Unpaid Minimum Wages, 29 U.S.C. 201)

64. Defendants repeat and re-allege each of the above paragraph as if set forth at length herein.

65. Defendants deny each and every allegation asserted in Paragraph 65 of the Complaint.

66. Defendants deny the allegations asserted in Paragraph 66 of the Complaint.

67. Defendants deny the allegations asserted in Paragraph 67 of the Complaint and leave Plaintiff to his proofs.

## AS TO SECOND CLAIM

### (FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*)

68. Defendants repeat and re-allege each of the above paragraph as if set forth at length herein.

69. Paragraph 69 asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 69 of the Complaint.

70. Paragraph 70 asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 70 of the Complaint.

71. Defendants deny the allegations asserted in Paragraph 71 of the Complaint and leave Plaintiff to his proofs.

72. Defendants deny the allegations asserted in Paragraph 72 of the Complaint and leave Plaintiff to his proofs.

73. Paragraph 73 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 73 of the Complaint.

## AS TO THIRD CLAIM

### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 et seq.)

74. Defendants repeat and re-allege each of the above paragraph as if set forth at length herein.

75. Defendants deny the allegations asserted in Paragraph 75 of the Complaint and leave Plaintiff to his proofs.

76. Defendants deny the allegations asserted in Paragraph 76 of the Complaint and leave Plaintiff to his proofs

77. Paragraph 77 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 77 of the Complaint.

## AS TO FOURTH CLAIM

### (NYLL – Unpaid Overtime Wages)

78. Defendants repeat and re-allege each of the above paragraph as if set forth at length herein.

79. Paragraph 79 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 80 of the Complaint.

81. Defendants deny the allegations asserted in Paragraph 81 of the Complaint and leave Plaintiff to his proofs.

82. Defendants deny the allegations asserted in Paragraph 82 of the Complaint and leave Plaintiff to his proofs

83. Paragraph 83 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 83 of the Complaint.

## AS TO FIFTH CLAIM

### (NYLL- Spread-of-Hours Pay)

84. Defendants repeat and re-allege each of the above paragraph as if set forth at length herein.

85. Defendants deny the allegations asserted in Paragraph 85 of the Complaint and leave Plaintiff to his proofs.

86. Paragraph 86 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 87 of the Complaint.

## AS TO SIXTH CLAIM

### (NYLL WTPA- Failure to Provide Wage Notices)

88. Defendants repeat and re-allege each of the above paragraph as if set forth at length herein.

89. Paragraph 89 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 89 of the Complaint.

90. Defendants deny the allegations the allegations asserted in Paragraph 90 of the Complaint and leave Plaintiff to his proofs

91. Paragraph 91 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 91 of the Complaint.

## AS TO SEVENTH CLAIM

### (Violation of the Wage Statement Provisions of the NYLL)

92. Defendants repeat and re-allege each of the above paragraph as if set forth at length herein.

93. Defendants deny the allegations the allegations asserted in Paragraph 93 of the Complaint and leave Plaintiff to his proofs.

94. Paragraph 94 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 94 of the Complaint.

## AS TO EIGHTH CLAIM

### (FLSA – Unlawful Deductions)

95. Defendants repeat and re-allege each of the above paragraph as if set forth at length herein.

96. Paragraph 96 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 96 of the Complaint.

97. Defendants deny the allegations the allegations asserted in Paragraph 97 of the Complaint and leave Plaintiff to his proofs.

98. Defendants deny the allegations the allegations asserted in Paragraph 98 of the Complaint and leave Plaintiff to his proofs.

99. Paragraph 99 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 99 of the Complaint.

## AS TO NINTH CLAIM

### (NYLL - Unlawful Deductions)

100. Defendants repeat and re-allege each of the above paragraph as if set forth at length herein.

101. Defendants deny the allegations the allegations asserted in Paragraph 101 of the Complaint and leave Plaintiff to his proofs.

102. Defendants deny the allegations the allegations asserted in Paragraph 102 of the Complaint and leave Plaintiff to his proofs.

103. Paragraph 103 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 103 of the Complaint.

104. Paragraph 104 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 104 of the Complaint.

105. Paragraph 105 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 105 of the Complaint

106. Paragraph 106 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 106 of the Complaint

## "AS TO PRAYER FOR RELIEF"

Defendants deny the allegations contained in the unnumbered paragraphs asserting prayer for relief, and its subparagraphs, and aver that Plaintiffs are not entitled to any of the relief requested therein or any other relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following allegations as affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. At no time material hereto did any of the Defendants act in a willful, wanton, reckless, and or malicious manner or with reckless disregard of the applicable laws.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is not entitled to any of the relief requested in the Complaint and Defendants acted in good faith at all times.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole or in part, by the doctrines of laches, delay, waiver, estoppel, acquiescence, and or excuse.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims, is barred, in whole or in part, by misconduct on Plaintiff's parts and/or unsatisfactory job performance.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole or in part, by the failure to utilize internal procedures to seek redress of any complaints.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole or in part, by the failure to mitigate damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole or in part, by the doctrine of unclean hands, estoppel, accord and satisfaction, offset and/or setoff.

### NINTH AFFIRMATIVE DEFENSE

9. Defendants are not "employers" under the FLSA, or the NYLL

### TENTH AFFIRMATIVE DEFENSE

10. The Complaint is barred, in whole or in part, by misconduct on Plaintiff's parts and/or unsatisfactory job performance.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The Complaint is barred, in whole or in part, based upon Plaintiff's fraudulent conduct concerning the alleged hours worked.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole or in part, by the applicable statute of limitations, including but not limited to, the Portal-to-Portal Pay Act, 29 U.S.C. Section 255, and New York Labor Law Section 663.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, fail to set forth allegations with particularity and specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's damages, and the alleged damages of each putative member of the purported class defined in the Complaint as other persons similarly situated, if any, were caused by their own actions and/or omissions.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred as they have ratified the activities of the Defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, fail to state a claim upon which compensatory, punitive or liquidated damages may be granted.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the applicable law(s) asserted herein were not willful, but occurred in good faith and were based upon reasonable factors.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred in whole or in part because the work alleged to be unpaid is not compensable time under the applicable laws, including because it was preliminary, postliminary and/or *de minimis.*

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred because the work alleged to be unpaid is invalid.

### TWENTITH AFFIRMATIVE DEFENSE

20. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred as they fail to satisfy class and/or collective action criteria, and therefore cannot proceed as a class or collective action.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. The types of claims alleged by Plaintiff on behalf of himself and on behalf of the alleged class as asserted in the Complaint as other persons similarly situated, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective or class action treatment.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     If Defendants' alleged failure to pay Plaintiff, and of each putative member of the class he purports to represent, as alleged in the Complaint as other persons similarly situated, overtime wages was unlawful, although such is not admitted, Defendants have a good faith and reasonable belief that the failure to pay such wages was not unlawful and none of Defendants' actions or omissions constitute a willful violation of the FLSA or NYLL.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff's claims are barred, in whole or in part, as the corporate Defendants fail to satisfy the $500,000 gross income threshold required by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et. seq.

### ADDITIONAL DEFENSES

Defendants reserve the right to raise any additional defenses as may be found to be merited during the course of discovery in, or trial of, this action, including without limitation any equitable defenses.

### JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable.

**WHEREFORE,** Defendants respectfully request that this Court enter judgment in their favor, dismiss the Complaint with prejudice, award Defendants their costs, attorney's fees and expenses, and grant such other relief as this Court deems proper.

Dated: March 14, 2022

HANG & ASSOCIATES, PLLC.

_/s/ Oscar Alvarado._
Oscar Alvarado, Esq.

                                                                                 136-20 38th Ave., Suite 10G  
                                                                                 Flushing, New York 11354  
                                                                                  (718) 353-8588  
                                                                                  *Attorneys for Defendants*

TO:

        Joshua Levin Epstein  
        Jason Mizrahi  
        Levin-Epstein & Associates, P.C  
        60 East 42nd Street, Suite 4700  
        New York, New York 10165  
        (t) (212) 792-0046  
        Joshua@levinepstein.com

        *Attorneys for Plaintiff*