UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CALEB ANDERSON,

                        Plaintiff,

     -against-                     **ORDER**

                                        22-CV-527 (EK) (MMH)

BROOKLYN WILD CATCH II, LLC, ROBERTA
DORSEY, ANGELINE CORNELIUS,

                        Defendants.
-------------------------------------------------------------------x
**MARCIA M. HENRY**, United States Magistrate Judge:

### ORDER IN FAIR LABOR STANDARDS ACT CASE REQUIRING DISCOVERY AND SETTING INITIAL PRETRIAL DISCOVERY AND MEDIATION SCHEDULE

The Federal Rules of Civil Procedure ("Rule") require a pretrial schedule tailored to the circumstances of each case. Fed. R. Civ. P. 1, 16. This Order implements that requirement for cases filed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

The Rule 26(a)(1) provisions on initial disclosures are waived in this case. Instead, the parties must utilize the following discovery protocol and comply with the deadlines and requirements set forth in this Order.

1.   **Initial Disclosures.** By **05/05/2022**, the parties must serve on each other (but not file) the documents set forth in Paragraphs 2 and 3.

2.   **Plaintiff's Disclosures.** Plaintiff[1] shall disclose:

    a.   The documents in Plaintiff's possession, custody, or control that pertain to the unpaid wages claimed in the Complaint.

    b.   A written submission that includes:

        (1)   A description of the period of time Plaintiff worked for Defendant;

---

[1] If there is more than one Plaintiff or Defendant, the singular reference to the Plaintiff or Defendant includes the plural.

   (2) Plaintiff's job title, description of job duties, and name of immediate supervisor;

   (3) An accounting of Plaintiff's claim, including dates, regular hours worked, over-time hours worked, pay received versus pay claimed, and tips or other compensation;

   (4) Whether Plaintiff is entitled to a prevailing wage, and if so, the rate; and

   (5) The nature of the claim (*e.g.*, failed to pay any wages, failed to pay minimum wage, failed to pay overtime, required off-the-clock work, failed to pay tips, misclassified as exempt employee, failed to provide proper paystubs, failed to provide proper notices, failed to pay spread of hours).

  c. If Plaintiff has brought a collective action, a written description of the class of employees that Plaintiff seeks to include in this action, and a brief description of the commonalities between Plaintiff and the proposed opt-ins. Plaintiff must also indicate whether an opt-in notice has been filed for every potential opt-in plaintiff who has identified himself or herself as a person who wishes to join this action.

  d. A written description of all attorney's fees and costs incurred to date. With respect to attorney's fees, Plaintiff must provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

3. **Defendant's Disclosures.** Defendant shall disclose:

  a. The time sheets or other time records and payroll records in Defendant's possession, custody, or control that pertain to work Plaintiff performed during the period for which Plaintiff claims unpaid wages.

  b. Any written statement of policy, workplace rules, or handbook setting out the policies and practices on compensating workers performing the relevant type of work.

  c. If the personal liability of any individual Defendant is disputed (*e.g.*, Defendant was not an owner or manager), documentary evidence to support this position.

  d. If Defendant contends that its finances should be considered in evaluating its settlement position, financial documentation to Plaintiff's counsel, and that documentation must be treated as confidential.

4. **Discovery for Collective Actions.** In collective actions, the exchange of documents and information set forth in Paragraphs 2 and 3 will occur for the named Plaintiff and for the opt-in Plaintiffs who join the action before a court-approved opt-in notice is issued. This

document exchange will occur within 21 days after the opt-in notices are filed with the court.

5. **Early Settlement Discussions.** By **05/19/2022**, after the exchange of the documents and information required in Paragraphs 2 and 3, counsel for the Plaintiff and the Defendant must meet and confer in person, by video or by phone in a good-faith effort to settle all pending issues, including attorney's fees and costs.[2] The parties, including a representative of each corporate party with full authority, must, at a minimum, be available by phone during the conference to consider and approve any settlement.

6. **Status Report Regarding Settlement.** By **05/26/2022** (*i.e.*, within 7 days after the conference described in Paragraph 5), counsel shall file a Joint Status Report Regarding Settlement that notifies the Court whether the parties have reached an agreement in principle to settle the case and will be submitting that agreement to the Court for review and approval.

7. **Mandatory Mediation if No Private Settlement.** If the parties were unable to settle the matter on their own, the parties will participate in a formal mediation conference, in accordance with Local Civil Rule 83.8, before an EDNY mediator or a private mediator of their choosing. The parties must complete mediation by **07/21/2022**.

8. **Status Report Regarding Mediation.** If the parties proceed to mediation, then by **08/04/2022**, counsel shall file a Joint Status Report Regarding Mediation and indicate:

   a. Whether the parties have reached an agreement in principle to settle the case and will be submitting that agreement to the Court for review and approval; or

---

[2] In the case of an individual party who is not represented by counsel, the individual must comply with the provisions of this Order.

    b.    Whether the parties request a settlement conference before Judge Henry (who, on the parties' consent, will have the authority to approve the settlement as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, upon the joint submission of a motion for judicial approval that attaches a copy of the final settlement agreement, plaintiff's counsel's time and expense records, and any applicable retainer agreement); or

    c.    Whether the parties agree that they have exhausted all early settlement efforts, have held the required Rule 26(f) conference, and are filing a Proposed Discovery Plan. A form proposed discovery plan can be found on the Court's website: https://img.nyed.uscourts.gov/files/local_rules/ProposedDiscoveryPlanMMH.pdf.

9. **Stay of Discovery.**  Until the parties file the Proposed Discovery Plan, all discovery is STAYED, except as provided in this Order.

10. **Effect of Collective Action Certification.**  In the event no settlement is reached under these procedures, and this Court later grants a motion permitting notice to be sent to similarly-situated individuals advising them of their right to opt-in, the limitations period for any person receiving notice will be tolled from the date of this Order until the parties file their Rule 26(f) Proposed Discovery Plan lifting the stay on these proceedings.

11. **Ongoing Duty to Report Settlement.**  If the parties settle at any time, including after discovery has commenced, they must immediately advise the Court and promptly submit a joint motion to approve the settlement.

12. **Mandatory Compliance.**  Due to the volume of cases brought under the FLSA, the Court expects strict adherence to these deadlines and requirements.  Exceptions will be granted only for compelling reasons.  *Failure to comply is a violation of a court order and sanctionable on that basis.*

13. **Procedure for Relief.**  The parties may move to alter this schedule for good cause only after the parties confer and file a joint letter request via this Court's ECF system.

**SO ORDERED.**

Dated: Brooklyn, NY                               /s/ Marcia M. Henry
March 24, 2022                                     MARCIA M. HENRY
                                                   United States Magistrate Judge